IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| v. | : : | |
| LARONCE HOWELL and DEWAYNE HOWELL, | : : | CASE NO:  7:22-CR-55 (WLS) |
| Defendants. _____ | : : | |

**ORDER**

Before the Court are the Government's Motions in Limine to Preclude Mistake-of-Age Defense at Trial (Docs. 81 & 82) ("Motions") and the Response in Objection to Government's Motion in Limine as to Laronce Howell (Doc. 97) ("L. Howell Response"). On August 22, 2023, the Court held a hearing on the Motions at which the Defendant Laronce Howell ("L. Howell"), his counsel, Timothy Saviello, and the Government's counsel, Elizabeth Howard, were present. Defendant Dewayne Howell ("D. Howell") was not present at the hearing. However, his counsel, Jason Moon, was present. Mr. Moon advised the Court that because the issues in the Motions were purely legal he would request D. Howell sign a waiver of his presence at the hearing. On August 25, 2023, a Waiver of Appearance at Hearing and Consent to Briefing of Argument (Doc. 101) was filed on behalf of D. Howell. Therein D. Howell stated his understanding that the Court would schedule a hearing on the Motion (Doc. 81) filed in his case if requested, but D. Howell waived his appearance at the hearing held August 22, 2023, and waived the necessity of scheduling another hearing on the Motion.

D. Howell was allowed until August 25, 2023, in which to file a post-hearing brief and co-defendant L. Howell and the Government were allowed until September 1, 2023, in which to file responses thereto. D. Howell's post-hearing Response in Objection to Government's Motion in Limine as to Dewayne Howell (Doc. 100) ("D. Howell Response") was filed on August 25, 2023. No additional briefs were filed. The matter is now ripe for decision.

I. **BACKGROUND AND MOTIONS IN LIMINE**

On March 14, 2023, a First Superseding Indictment (Doc. 53) was filed against the Defendants. The Indictment contains Five Counts against L. Howell as follows: Count One:

1

Sex Trafficking of Children; Count Two: Coercion and Enticement of a Minor; Count Three: Production of Child Pornography; Count Four: Distribution of Child Pornography; Count Five: Possession of Child Pornography.

D. Howell was charged in only Count Two of the Superseding Indictment: Coercion and Enticement of Minor.

The Government's Motions relate to Counts Two and Three. Specifically, the Government requests that the Defendants be precluded from presenting any argument that a mistaken belief as to the age of the minor victim would have any bearing on such Defendant's guilt (or innocence) for the offenses charged in Counts Two or Three.

### A. Government's Arguments

Count Two alleges that between about September 30, 2020 and October 3, 2020, the Defendants, aided and abetted by one another, did use a facility, and means of interstate and foreign commerce to knowingly persuade, induce, entice, and coerce Minor Victim #1, an individual who had not attained the age of 18 years, to engage in sexual activity in violation of 18 U.S.C. § 2422(b) and 18 U.S.C. § 2.

The Government asserts that to establish Defendants' guilt of coercion and enticement of a minor under § 2422(b), the Government must prove: "(1) the Defendant knowingly persuaded, induced, enticed, or coerced Minor Victim #1 to engage in sexual activity; (2) the Defendant used a facility and means of interstate and foreign commerce to do so; (3) when the Defendant did these acts, Minor Victim #1 was less than 18 years old; and (4) one or more of the individuals(s) engaging in the sexual activity could have been charged with a criminal offense." (Doc. 81 at 2 (citing Eleventh Circuit Pattern Jury Instruction O92.2); *see also* Doc. 82 at 2.) The Government argues that Defendants' knowledge of Minor Victim #1's age is not an element of the offense; and therefore, their subjective belief of the age of Minor Victim #1 is irrelevant. Because their beliefs are irrelevant, any such evidence is not admissible and should be excluded at trial.

Count Three charges L. Howell with production of child pornography. In particular, the Government alleges that L. Howell did persuade, induce, entice, and coerce Minor Victim #1, an individual under the age of 18 years, to engage in sexually explicit conduct for the purpose of producing any visual depiction of such conduct, using materials that have been mailed, shipped, and transported in and affecting interstate and foreign commerce by

2

any means, including by computer, to wit: a video sent to co-defendant D. Howell, all in violation of 18 U.S.C. § 2251(a), (e).

To "establish Defendant's guilt, the Government must prove (1) an actual minor, that is, a real person who was less than 18 years old, was depicted; (2) the Defendant employed, used, persuaded, induced, enticed, or coerced the minor to engage in sexually explicit conduct for the purpose of producing a visual depiction of the conduct; and (3) the visual depiction was produced using materials that had been mailed, shipped, or transported in interstate or foreign commerce by any means, including by computer." (Doc. 82 at 3 (citing Eleventh Circuit Pattern Jury Instruction O82).)

The Government's argument with respect to Count Three against L. Howell is essentially the same as for Count Two; *i.e.*, knowledge of the victim's age is not an element of the offense. Therefore, Defendant's belief as to age is irrelevant and inadmissible.

**B.     Defendants' Arguments**

In his Response, L. Howell argues that he should be allowed to present evidence as to his knowledge of Minor Victim #1's age because a straightforward reading of 18 U.S.C. § 2422(b) requires that a defendant have knowledge of the age of the victim. The statute reads:

> (b) Whoever, using the mail or any facility or means of interstate or foreign commerce, or within the special maritime and territorial jurisdiction of the United States *knowingly* persuades, induces, entices, or coerces any individual who has not attained the age of 18 years, to engage in prostitution or any sexual activity for which any person can be charged with a criminal offense, or attempts to do so, shall be fined under this title and imprisoned not less than 10 years or for life.

18 U.S.C. § 2422(b) (emphasis added). According to L. Howell, under the ordinary rules of statutory construction, the term "knowingly" applies to the age of the victim as well as each other element of the offense. L. Howell also asserts that the age of the alleged victim is the only difference between a conviction under § 2422(a) which carries a maximum sentence of not more than 20 years[1] and a conviction under § 2422(b) which carries a prison sentence of 10 year to life. Defendant argues that under *Apprendi v. New Jersey*, 520 U.S. 461, 490 (2000), "the age of the alleged victim is a fact that 'increases the penalty for a crime beyond the prescribe[d] statutory maximum' found in 18 USC §2422(a) and thus 'must be submitted to a

---

[1] Defendant L. Howell refers to a "statutory sentencing range [of] from 0-20 years in prison[,]" while the statute provides for a sentence of not more than 20 years. (Doc. 97 at 5; 18 U.S.C. § 2422(a).)

3

jury[,] and proved beyond a reasonable doubt.'" (Doc. 97 at 5.) Therefore, L. Howell argues that to prevent him from introducing evidence that he did not know, and in fact the alleged victims lied about, the age of the alleged victims would prevent him from defending himself in violation of his Fifth and Sixth Amendment rights. (*Id.* at 6.) D. Howell's Response indicates that he joins in the arguments raised by L. Howell.

## II.  DISCUSSION

In *United States v. Daniels*, 685 F.3d 1237 (11th Cir. 2012) the Eleventh Circuit found that for a conviction under § 2422(b), the Government was not required to prove that the defendant knew the victim was a minor. Defendant L. Howell theorizes that since the question in *Daniels* dealt with what the Government was required to prove, that decision does not preclude a defendant from introducing evidence or testimony regarding his belief as to the age of a minor victim. Defendant's argument ignores the strong language contained in the Circuit's decision as to the purpose and intent of § 2422(b):

> The primary issue is one of first impression for the Eleventh Circuit: whether a conviction under 18 U.S.C. § 2422(b) requires the government to prove that the defendant knew that the victim was a minor. We decline to find knowledge a requirement under § 2422(b). *It is our conclusion that this statute is written for the protection of minors caught in the web of these illicit activities, rather than for offenders choosing to turn a blind eye to the age of the victims they transport.*

*Daniels*, 685 F.3d at 1240. The Circuit also considered and rejected a similar argument to the one made by L. Howell as to statutory construction requiring that the term "knowledge" be applied to Defendants' knowledge of the age of their minor victim. The Circuit stated:

> After careful consideration of *Flores–Figueroa*,[2] we decline to find knowledge a requirement here. In this case, we are called upon to interpret a statute

---

[2] In *Flores–Figueroa v. United States*, 556 U.S. 646 (2009), the Supreme Court considered whether an identity theft statute required defendant's knowledge that a means of identification which defendant unlawfully transferred, possessed, or used belonged to another person. *Daniels*, 685 F.3d at 1247. The statute reads: "Whoever . . . knowingly transfers, possesses, or uses, without lawful authority, a means of identification of another person . . . shall be punished as provided in subsection (b) of this section." 18 U.S.C. § 1028A(a)(1).

> Rejecting that "knowingly" applied only to the transfer, possession, or use of any means of identification, the Court reasoned that "[a]s a matter of ordinary English grammar, it seems natural to read the statute's word 'knowingly' as applying to all the subsequently listed elements of the crime." *Id.* at 650, 129 S. Ct. at 1890. The Court further explained that "courts ordinarily read a phrase in a criminal statute that introduces the elements of a crime with the word 'knowingly' as applying to each element." *Id.* at 652, 129 S. Ct. at 1891.

*Daniels*, 685 F.3d at 1247.

4

concerned with the protection of minors against sexual exploitation. Despite the similarities in the grammatical structure of § 1028A(a)(1) and § 2422(b), we find that they are distinguishable.

The circumstances at issue here are more akin to those at issue in the interpretation of § 2423(a), which Justice Alito addressed in his concurring opinion in *Flores–Figueroa. Id.* at 660, 129 S. Ct. at 1895–96 (Alito, J. concurring). Clearly there is a "special context" present here—one not present in *Flores–Figueroa*—the protection of the very young, that calls for a contextual approach to statutory interpretation. Moreover, our decision to reject a knowledge requirement to convict under § 2422(b) is consistent with congressional intent to protect the most vulnerable among us.

Although there is no authority in our circuit deciding whether or not a defendant's knowledge of the victim's age is an essential element, at least six of our sister circuits have considered this issue within the context of § 2423(a) convictions and held it is not. Today we adopt that reasoning and find that § 2422(b) likewise does not require that the government prove that a defendant knew his victim was under the age of eighteen in order to convict.

A thorough review of the jurisprudence rejecting scienter as an elemental requirement in § 2423(a)[3] convictions reveals several reasons supporting such an outcome, which are applicable to the facts and statute before us. Although there is a general presumption that a knowing *mens rea* applies to every element in a statute, cases concerned with the protection of minors are within a special context, where that presumption is rebutted. *X–Citement Video*, 513 U.S. at 72 n. 2, 115 S. Ct. at 469 n. 2 (stating that there is a historical exception to the presumption that a scienter requirement applies to every element of crime for "sex offenses . . . in which the victim's actual age was determinative despite defendant's reasonable belief that the girl had reached age of consent") (quoting *Morissette v. United States*, 342 U.S. 246, 251 n. 8, 72 S. Ct. 240, 244 n. 8, 96 L. Ed. 288 (1952)) (internal quotation marks omitted). The criminality of the conduct defined in § 2422(b) is not dependent upon the victims' minor status as the conduct is covered by § 2422(a). This indicates that the purpose of § 2422(b) is to increase the penalty for that conduct where a minor was involved.

*Daniels*, 685 F.3d at 1248-49 (footnotes omitted).

---

[3] 18 U.S.C. § 2423(a) provides:

(a) Transportation with intent to engage in criminal sexual activity.—A person who knowingly transports an individual who has not attained the age of 18 years in interstate or foreign commerce, or in any commonwealth, territory or possession of the United States, with intent that the individual engage in prostitution, or in any sexual activity for which any person can be charged with a criminal offense, shall be fined under this title and imprisoned not less than 10 years or for life.

5

The *Daniels* decision also addresses Defendants' arguments that preventing them from presenting evidence that they did not know Minor Victim #1's age violates their rights. In *Daniels* the Eleventh Circuit stated:

> [Defendant's] alleged lack of knowledge as to [the victim's] age cannot serve as a shield from conviction.
>
> Our ruling today is decided in the same spirit as we decided [*United States v. Root*].[4] We honor the congressional goal inherent in the Child Protection and Sexual Predator Punishment Act of 1998, and reach a holding that aims to protect minors—not make conviction more difficult for crimes that affect them. A defendant . . . who lures and encourages young children into these activities [contained in § 2422(b)] does so at his own peril, regardless of what the victim says or how she appears. He runs the risk that he is dealing with someone who falls within the purview of § 2422(b), thus subjecting him to its enhanced penalties.

*Daniels*, 685 F.3d at 1250.

Finally, counsel for Defendant L. Howell argued at the hearing that Defendant's knowledge of the alleged victim's age is an element which the Government must prove to establish Defendant's guilt with respect to Count One: Sex Trafficking of Children; Count Four: Distribution of Child Pornography; and Count Five: Possession of Child Pornography. The Government concedes that Defendant's knowledge of the age of the alleged victim is relevant in Counts One, Four and Five.

## III.   CONCLUSION

Based on the foregoing, the Court finds that the Defendants' knowledge of Minor Victim #1's age is not an element of the offenses charged in Counts Two or Three; and therefore, Defendants' subjective belief of the age of Minor Victim #1 is irrelevant. To allow Defendants to posit their beliefs regarding the age of Minor Victim #1 with respect to Counts Two or Three would allow Defendants to undercut the purposes of the statutes as noted in the above holdings. Therefore, any such evidence is not admissible and will be excluded at trial.

Accordingly, the Government's Motions (Docs. 81 and 82) are **GRANTED** on the grounds requested as follows:

---

[4] 296 F.3d 1222, 1227 (11th Cir. 2002), *superseded by statute on other grounds as recognized in United States v. Jerchower*, 631 F.3d 1181, 1186–87 (11th Cir. 2011).

1. Defendant L. Howell is prohibited from presenting any argument or evidence asserting a mistake-of-age defense as to Minor Victim #1 as to Counts Two and Three of the Superseding Indictment.

2. Defendant D. Howell is charged with only Count Two of the Superseding Indictment. Therefore, Defendant D. Howell is prohibited from presenting any argument or evidence asserting a mistake-of-age defense as to Minor Victim #1.

3. With respect to Counts One, Four and Five, counsel for Defendant L. Howell shall alert the Court and opposing counsel prior to presenting evidence of L. Howell's knowledge of the age of any alleged victim identified in Counts One, Four and Five. At the time such evidence, if any, is presented, the Court will instruct the jury as to which allegations the jury is permitted to consider such evidence.

4. No other evidence or argument shall be presented in the presence of the jury as to either Defendant's knowledge of, or any alleged victim's statements as to the age of, any alleged victim unless counsel first alerts the Court and opposing counsel as to the evidence or argument to be presented and the Court ruling thereon.

**SO ORDERED**, this 20th day of September 2023.

/s/  W. Louis Sands
**W. LOUIS SANDS, SR. JUDGE**
**UNITED STATES DISTRICT COURT**