IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** : | |
| : | |
| v. : | |
| : | **CASE NO:** |
| **LARONCE HOWELL,** : | **7:22-cr-55–WLS-ALS-1** |
| : | |
| **Defendant.** : | |
| _____ : | |

## **ORDER**

Before the Court is Defendant Laronce Howell's Motion for Leave to File Out of Time Appeal (Doc. 213) ("Motion for Extension"). Therein, Defendant requests an extension of time in which to file a Notice of Appeal.

Timothy Saviello, with the Federal Defenders of the Middle District of Georgia, Inc. ("Federal Defenders") served as Defendant's trial counsel. On October 5, 2023, Defendant entered into a Plea Agreement (Doc. 113) in which he pled guilty to the charge of Production of Child Pornography in violation of 18 U.S.C. § 2251(a), (e). Defendant's Plea Agreement included a waiver of his rights to appeal or to collaterally attack his conviction and sentence, except he retained the right to bring a claim of ineffective assistance of counsel.[1] On March 26, 2025, Defendant was sentenced to a term of 360 months imprisonment, to run consecutively to the term of imprisonment imposed in Case No. 7:24-cr-41 for a total of 396 months, to be followed by a term of 15 years of supervised release. The Judgment was entered on April 7, 2025. (*See* Judgment Doc. 210). The Guideline Range in this case was 360 months. (*See* Statement of Reasons Doc. 211 at 1).

The Motion for Extension reflects that Defendant informed Mr. Saviello, that he wished to appeal the Court's judgment and Mr. Saviello notified the Federal Defender's Executive Director who assigned the appeal to appeals counsel, Jonathan R. Dodson, on April 16, 2025. Due to an administrative oversight, Mr. Dodson failed to timely file

---

[1] The Court notes that the Supreme Court has held that counsel's failure to file an appeal requested by defendant is presumptively prejudicial regardless of whether the defendant has signed an appeal waiver. *Garza v. Idaho*, 586 U.S. 232, 235 (2019).

Defendant's notice of appeal, which was due Monday, April 21, 2025. He advises that this failure was an isolated mistake, which he now seeks to promptly rectify.

In a criminal case, Federal Rule of Appellate Procedure 4(b) requires that Defendant's appeal should have been filed within fourteen days after the entry of the Judgment (Doc. 210)—which was entered on April 7, 2025. *See* Fed. R. App. P. 4(b)(1)(A). Rule 4(b) further provides that "[u]pon a finding of excusable neglect or good cause, the district court may—before or after the time has expired, with or without motion and notice—extend the time to file a notice of appeal for a period not to exceed 30 days from the expiration of the time otherwise prescribed by this Rule 4(b)." Fed R. App. P. 4(b)(4).

Thus, under the Appellate Rules, Defendant's fourteen-day period for filing a notice of appeal expired on Monday, April 21, 2025, and the thirty-day period for extending the time to file a notice of appeal expires on Wednesday, May 21, 2025.

Based on the foregoing, the Court finds that excusable neglect has been shown. Accordingly, Defendant's Motion for Leave to File Out of Time Appeal (Doc. 213) is **GRANTED**. Defendant may file his Notice of Appeal on or before **Monday, May 12, 2025**.

**SO ORDERED**, this 28th day of April 2025.

/s/W. Louis Sands
**W. LOUIS SANDS, SR. JUDGE**
**UNITED STATES DISTRICT COURT**

2